IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Deangelo Brazzle, ) | Case No.: 1:25-cv-03975-JD-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Richland County, ) | |
| ) | |
| Respondent. ) | |
| ) | |

    This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 10) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns the Magistrate Judge's review of Plaintiff Jason Deangelo Brazzle's ("Petitioner" or "Brazzle") Petition (DE 1) and his Motion to Dismiss (DE 7) his pending state court criminal charges.[1]

**A. Background**

    The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. The following summary is provided for context.

    Petitioner, a pretrial detainee at Alvin S. Glenn Detention Center, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. (DE 1). Petitioner

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

alleged constitutional violations arising from the conditions of his confinement and also moved for the Court to dismiss his pending state criminal charges. (DE 7).

On May 15, 2025, the Magistrate Judge issued a proper form order directing Petitioner to either pay the required $5.00 filing fee or file a motion for leave to proceed in forma pauperis by June 5, 2025. (DE 5). Petitioner did not comply with that order.

### B. Report and Recommendation

On June 17, 2025, the Magistrate Judge issued the Report recommending that the Petition be dismissed without prejudice for two reasons. (DE 10). First, Petitioner failed to comply with the Court's proper form order by neither paying the required filing fee nor submitting a motion for leave to proceed in forma pauperis. (DE 5). As the Magistrate Judge explained, dismissal is warranted under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Second, even if the Petition were properly filed, the Magistrate Judge determined that it is subject to summary dismissal because Petitioner's allegations—challenging conditions of confinement—are not properly brought under 28 U.S.C. § 2241. Instead, such claims must be pursued, if at all, through a civil rights action under 42 U.S.C. § 1983, which Petitioner has already initiated in this District. *See Brazzle v. Richland County*, No. 8:25-cv-3126-JD-WSB (D.S.C.). On July 10, 2025, Petitioner filed a letter seeking to object to the Report.

2

**C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D. Discussion**

Petitioner's submission (DE 16) purports to serve as objections to the Report. However, it does not specifically identify any factual or legal error in the Report. Instead, Petitioner asserts that he attempted to comply with the proper form order and that any failure was attributable to the detention center's mailing procedures. The Court has carefully considered these assertions, but they do not alter the basis for dismissal.

First, even if Petitioner's paperwork was misdirected, the fact remains that the Court did not receive the filing fee or an application to proceed in forma pauperis.

The failure to comply with the May 15, 2025, proper form order provides an independent ground for dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Second, and more importantly, Petitioner's underlying claims concern conditions of confinement, which are not cognizable under 28 U.S.C. § 2241. As the Magistrate Judge correctly explained, such claims must be brought, if at all, under 42 U.S.C. § 1983, and Petitioner has already initiated such a case in this District. *See Brazzle v. Richland County et al.*, No. 8:25-cv-3126-JD-WSB (D.S.C.). Petitioner's objections do not address this dispositive deficiency.

Accordingly, Petitioner's objections are general in nature and do not direct the Court to any specific error in the Magistrate Judge's analysis. The Court, therefore, reviews the Report for clear error and finds none.

### E. Conclusion

Having conducted the required review, the Court adopts the Magistrate Judge's Report and Recommendation (DE 10) in its entirety. Petitioner's objections (DE 16) are overruled. The Petition (DE 1) is dismissed without prejudice and without requiring Respondent Richland County to file a return. Petitioner's Motion to Dismiss his pending criminal charges (DE 7) is denied.

And it is ORDERED that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
Sepetmber 22, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5